■ In the Matter of Philip Levien et al., Respondents, v. Bernard Bernstein et al., Constituting the Zoning Board of Appeals for the Incorporated Village of Kings Point, Appellants. Marsha Fine et al., Intervenors-Appellants.— In a proceeding pursuant to CPLR article 78 to annul a determination of respondent zoning board of appeals, dated March 11, 1974, which denied petitioners' application for a variance to construct a tennis court on a portion of their property, the appeal is from a judgment of the Supreme Court, Nassau County, dated June 3, 1974, which (1) annulled the determination and (2) directed the board to have the building inspector issue a permit to petitioners for the erection of a tennis court. Judgment modified, on the law, by deleting the second decretal paragraph thereof and substituting therefor a provision remanding the proceeding to the appellant zoning board of appeals to (1) grant a variance for construction of a tennis court and (2) fix reasonable restrictions upon the use and location of the tennis court and a cabana. As so modified, judgment affirmed, without costs. While we disagree with Special Term's finding that petitioners were entitled to a permit for the construction of the tennis court as a matter of right, we believe that they are entitled to a variance. The proceeding is remanded to the zoning board of appeals to allow it to fix reasonable restrictions upon the use and location of the tennis court and the location of the cabana. Hopkins, Martuscello, and Latham, JJ., concur; Gulotta, P. J., dissents and votes to affirm the judgment, with the following memorandum: I agree that petitioners should be permitted to build their tennis court. However, in my opinion, they are entitled to a building

permit as a matter of right and need not resort to a variance. Petitioners' residence was constructed in 1952, facing south with a right of way leading to Deer Park Road, the only public highway in the area at the time and the only one to which there was access from petitioners' property. At that time Blue Sea Lane, to the north, did not exist as a street. It was not paved and dedicated until 1961. The premises have always been known as 43 Deer Park Road. Section 3 of article XIV of the Zoning Ordinance of the Incorporated Village of Kings Point provides that "No tennis court * * * shall be built or maintained in a front yard nor within twenty (20) feet of a rear or side lot line." Section 100 (subd. 8) of article I of the ordinance defines a front yard as "an open, unoccupied space extending across the full width of the lot and lying between the front line of the lot and the nearest line of the main building." That section (in subd. 10) defines a rear yard as "an open, unoccupied space extending across the full width of the lot and lying between the rear line of the lot and the nearest line of the main building." As constructed, this house has a front yard approximately 90 feet deep to the south and a rear yard approximately 220 feet deep to the north. The denial of the tennis court permit was premised on the conclusion that the property in question lost its rear yard with the opening up of the new road to the north and now has two front yards and no rear yard. In my opinion Special Term properly rejected this finding. This case should not be confused with the so-called "through lot" type of case, i.e., those cases involving lots having a frontage on two streets at the time of the application for a building permit. Generally, in those cases, the owner must conform to the requirements for each frontage, but even there the requirements cannot be applied in such a way as to deprive him of the reasonable use of his property (see 2 Anderson, American Law of Zoning, §§ 8.44, 8.45). I think the case is quite different when a second street is cut through after the positioning and erection of a house. Then the case takes on more of the aspects of a nonconforming lot or building. The use and enjoyment of a back yard for recreational purposes as an ancillary use to the occupancy of the residence itself are important rights that should not be eliminated capriciously. There is nothing in the ordinance definition of a rear yard which mandates that it not abut a public road or that all yards that do so *ipso facto* are front yards. It is elementary that significant provisions adversely affecting a property owner may not be written into a zoning ordinance by implication. In Rathkopf on the Law of Zoning and Planning (vol. 1, p. 8–1) the rule is set forth as follows: "in interpreting the language of the ordinance to determine the extent of the restriction upon use of the property, the language must be interpreted, where doubt exists as to the intention of the legislative body, in favor of the property owner, and against any implied extension of the restriction". While, as a general rule, conditions may not be imposed upon a building permit which must be issued as a matter of right, it appears in this case that petitioners have offered to install screen plantings, at a cost to them of $8,500, in order to mollify their neighbors' objections. This offer should be preserved in the permit to be issued.